|   |   |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-5364 BHS |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| v. |   |
| DONALD A. DELATEUR, |   |
| Defendant. |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Defendant Donald Delateur's ("Delateur") emergency motion for compassionate release. Dkt. 58. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On January 15, 2019, Delateur plead guilty to one count of possession of child pornography. Dkt. 27. On April 15, 2019, the Court sentenced Delateur to 48-months imprisonment, which was below the guideline range of 78- to 97-months. Dkt. 45. The Court also imposed supervised release for life. *Id.*

ORDER - 1

On May 20, 2019, the Court granted Delateur's motion to delay his voluntary surrender date until September 30, 2019 because he underwent a spinal fusion surgery and needed sufficient time to recover before incarceration. Dkt. 50.

On April 23, 2020, Delateur filed an emergency motion for compassionate release, Dkt. 58, and a motion to seal, Dkt. 59.[1] On April 25, 2020, Delateur filed an amendment. Dkt. 63. On April 27, 2020, the Government responded. Dkt. 64. On April 29, 2020, the Government filed a supplement. Dkt. 65. On April 30, 2020, Delateur filed a motion for leave to file an overlength brief, Dkt. 66,[2] and a reply, Dkt. 67.

## II. DISCUSSION

A federal court may modify a term of imprisonment after it has been imposed when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As the country deals with the pandemic, some courts have found this requirement to be jurisdictional and some courts have found it to be a waivable claim-processing rule. The Ninth Circuit has granted expedited review of denial of a similar motion for failure to exhaust, and the oral argument is set for June 4, 2020. *See United States v. Millage*, Cause no. 20-30086.

---

[1] The Court grants the motion to seal.

[2] The Court grants the motion and has considered all the material submitted by Delateur.

In this case, the Court concludes that the warden should have a full opportunity to review Delateur's request before the Court addresses the merits. Regardless of whether the statute is jurisdictional or a waivable processing rule, the Court finds that the warden is in the best position to assess Delateur's situation and circumstances. Moreover, the issue may become moot during the 30-day period and a more accurate factual record may be developed. Therefore, the Court denies the motion without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Delateur's emergency motion for compassionate release, Dkt. 58, is **DENIED without prejudice** and Delateur's motion to seal, Dkt. 66, and motion for leave to file an overlength brief, Dkt. 59, are **GRANTED**.

Dated this 6th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge