UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-5364 BHS |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| v. | |
| DONALD A. DELATEUR, | |
| Defendant. | |

This matter comes before the Court on Defendant Donald Delateur's ("Delateur") motion for compassionate release. Dkt. 70. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On January 15, 2019, Delateur pled guilty to one count of possession of child pornography.  Dkt. 26.

On April 15, 2019, the Court sentenced Delateur to 48-months imprisonment and supervised release for life.  Dkt. 45.  On May 20, 2019, the Court granted Delateur's motion to delay voluntary surrender until September 30, 2019.  Dkt. 50.

On May 1, 2020, Delateur filed a motion requesting compassionate release and reduction of his sentence to time served because he alleged he is at a high risk of death if he contracts COVID-19.  Dkt. 30.  On May 6, 2020, the Court denied the motion without prejudice for failure to exhaust administrative remedies.  Dkt. 68.

On May 27, 2020, Delateur refiled his motion and filed a motion for leave to file an over-length brief.  Dkts. 69, 70.  On June 3, 2020, the Government filed a response, a motion for leave to file an over-length brief, and a motion to seal an exhibit attached to the response.  Dkts. 71, 72, 73.  On June 5, 2020, Delateur filed a motion for leave to file an over-length brief and a reply.  Dkts. 75, 76.[1]  On June 13, 2020, United States Probation and Pretrial Services Officer Michael Markham prepared a memorandum regarding Delateur's release plan and whether Delateur would be a danger to the community upon release.

---

[1] The motions to file over-length briefs and motion to seal are **GRANTED.**

On June 19, 2020, the Court requested additional briefing on alternative release plans.  Dkt. 77.  On June 23, 2020, Delateur responded, Dkt. 78, and Officer Markham filed a supplemental memorandum, Dkt. 79.

On June 29, 2020, the Government filed a supplement conceding that Delateur's health problems establish an extraordinary and compelling circumstance.  Dkt. 81.

## II.  DISCUSSION

**A.   Law**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).  Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ***
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

**B.   Delateur's Motion**

Although the Government concedes that Delateur has exhausted his administrative remedies, Dkt. 72 at 6, and that Delateur has established extraordinary and compelling reasons, Dkt. 81, it opposes Delateur's motion arguing that the factors in 18 U.S.C. § 3553(a) warrant Delateur's continued confinement and that he has failed to establish that he is no longer a danger, Dkt. 72 at 6–13.

### 1. 18 U.S.C. § 3553(a) Factors

The Court must consider the § 3553(a) factors in light of the extraordinary and compelling reasons that warrant compassionate release. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. The relevant factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

In this case, the majority of the factors weigh against compassionate release. For example, the receipt, possession, and distribution of child pornography is abhorrent and Delateur's actions and admissions evidence a long history of engaging in this conduct. Delateur has a prior conviction for such conduct, and a federal agent warned him not to engage in such conduct after a subsequent investigation. Delateur ignored this warning by engaging in the conduct that led to his current conviction. Thus, his history evidences an inability to refrain from child pornography. The Court also notes that it sentenced Delateur below the guideline range and, with compassionate release, his sentence of incarceration would result in a disparity among those guilty of similar conduct. Despite

these factors in favor of denying compassionate release, Delateur presents multiple health issues that raise serious questions regarding the ability to provide adequate preventative measures and medical care while incarcerated. Delateur's ability to provide self-care while in prison would be significantly comprised by his inability to social distance within that setting. Officer Markman contends that, under specific conditions of supervised release, the risk of Delateur reoffending will be reasonably mitigated. Overall, the Court finds that this is a close question but that the seriousness of the pandemic and the availability of alternative means of observing Delateur's conduct favor compassionate release.

### 2. Danger to Society or Others

The Court must also assess whether Delateur presents a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2). In making this determination, the Court looks to the nature and circumstances of Delateur's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* 18 U.S.C. § 3142(g).

In this case, the Court must balance Delateur's history with his current circumstances. It is undisputed that Delateur has a long history of seek-and-delete behavior with child pornography. However, the risk of Delateur reoffending may be reasonably mitigated with strict conditions of immediate release as well as the imposed lifetime of supervised release. Delateur was on bond from shortly after his arrest until he self-reported without any violation. This shows an ability to refrain from criminal

conduct with appropriate monitoring.  The immediate conditions will include placement as a residential reentry center ("RRC") for up to 180 days followed by location monitoring for the duration of his sentence of incarceration. The Court will also impose polygraph testing as recommended by Officer Markham.  Thus, the Court concludes that Delateur is not a danger to society or other under these strict conditions of release.

### 3. Additional Term of Supervised Release

While the Court may "reduce the term of imprisonment," it also "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

In this case, the Court finds that the life term of supervised release would adequately balance the seriousness of Delateur's offense and the need for his original sentence with the extraordinary and compelling circumstances that warrant his release. Therefore, the Court modifies Delateur's life term of supervised release by imposing specific conditions for the remainder of Delateur's original term of imprisonment as set forth below.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Delateur's motion for compassionate release, Dkt. 70, is **GRANTED** as follows:

1) Delateur's term of imprisonment imposed is reduced to the time he has already served;

2) Delateur shall be released from the custody of the Bureau of Prisons ("BOP") within 72 hours of the entry of this Order;[2]

3) If feasible, BOP shall test Delateur for COVID-19 before release;[3]

4) The term of supervised release shall include release to an RRC. Delateur shall reside in and satisfactorily participate in a RRC program, as a condition of supervised release or probation for up to 180 days or until discharged by the Program Manager or U.S. Probation Officer. Delateur may be responsible for a 25% gross income subsistence fee;

5) After release from the RRC, Delateur shall participate in the location monitoring program with Active Global Positioning Satellite technology until February 22, 2023. Delateur is restricted to his residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. Delateur shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist;

6) Delateur shall submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that he is in compliance with the

---

[2] The Government requested this timeline for release, and Delateur did not object or otherwise provide any reason for the Court to deny the request.

[3] The Government requested an additional test for the protection of the public. While the Court agrees another test would be appropriate, it declines to order his unconditional confinement until he can be tested.

requirements of his supervision or treatment program. Polygraph testing may not exceed six tests per year;

7) Delateur shall comply with all the other terms and conditions of supervised release set out in the original sentence and judgment dated April 15, 2019, Dkt. 46; and

8) Delateur shall contact the United States Probation Office in Seattle and/or California within 24 hours of his release and follow its instructions.

Dated this 1st day of July, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge