UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DONALD A. DELATEUR,<br><br>　　　　　Defendant. | CASE NO. CR18-5364 BHS<br><br>ORDER |

This matter comes before the Court on the United States Probation Office's Request to Modify Conditions of Release for Defendant Donald A. Delateur, Dkt. 84. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

In 2018, Delateur was indicted on one count of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1). Dkt. 12. Delateur pled guilty to that offense in January 2019. Dkt. 27. This Court sentenced Delateur to 48 months imprisonment followed by a lifetime term of supervised release. Dkt. 46.

Delateur moved for compassionate release in May 2020, arguing that he was 61 years old and that he had serious medical conditions that placed him at high risk of

serious illness or death if he were to contract COVID-19. Dkt. 70. He also argued that the 18 U.S.C. § 3553(a) sentencing factors supported his release because he could adequately be confined at home and because he was eligible to receive medical care through the VA. *Id.* The Government did not dispute that Delateur established extraordinary and compelling reasons warranting release, but argued that the § 3553(a) sentencing factors weighed against release. Dkt. 72. The Court granted Delateur's motion, concluding that the majority of the § 3553(a) factors supported release because he raised serious questions about his ability to receive adequate medical care while incarcerated and because his risk of reoffense could be mitigated with home confinement. Dkt. 82. The Court reduced Delateur's term of imprisonment to time served, required him to be released to an RRC, and required him to participate in a location monitoring program until February 22, 2023. *Id.*

The United States Probation Office now requests that the Court modify Delateur's conditions of release by removing the location monitoring condition. Dkt. 84. Probation asserts that such a modification is warranted because Delateur has progressed while on supervision and has complied with his terms of supervised release. *Id.* Delateur concurs, but the Government does not endorse the requested modification. Dkt. 85.

The Court **DENIES** Probation's request to modify Delateur's conditions of release, Dkt. 84. Delateur has performed well under supervision, but the location monitoring condition is a substitute liberty restriction that allowed for his early release from prison. Location monitoring was a specific condition of Delateur's early release from prison and the Court explicitly concluded that the § 3553(a) factors only weighed in

1  Delateur's favor because he could be appropriately monitored at home with strict
2  conditions of supervision, including location monitoring. *See id.*
3      IT IS SO ORDERED.
4      Dated this 12th day of August, 2022.

                                  BENJAMIN H. SETTLE
                                  United States District Judge